## CHARLES v. HILLMAN *et al.*

No. 4610.   Opinion Filed June 29, 1915.

(150 Pac. 461.)

1.  **APPEAL AND ERROR—Case-Made—Notice—Dismissal.** The law granting to the defendant in error the privilege and right to be present and suggest corrections and amendments to a case-made is not an arbitrary rule or mere fiction, but is based upon experience and wisdom, and without it this court could never be quite certain that nothing has been omitted, and that it had the exact record made in the trial court.

2.  **SAME.** Where notice of the time and place of signing and settling the case-made is not given or waived, the appeal will be dismissed, unless counsel have stipulated in the case-made that it is true and correct.

(Syllabus by Brett, C.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Charles v. Hillman et al.

Action by Willie Charles, for the use and benefit of Willie Bradford, against Hector Hillman and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*Merwine & Newhouse* and *George C. Beidleman,* for plaintiff in error.

*Stanford & Cochran,* for defendants in error.

Opinion by BRETT, C.   This is an appeal from the district court of Okmulgee county, and comes up in this court on motion of defendants in error to dismiss the appeal, on the ground that defendants in error had no notice of the time and place of signing and settling the case-made, and never waived notice of same, and were not present when the case-made was signed and settled.

We have examined the record, and find no notice of time and place for signing and settling the case-made, no waiver, and the certificate of the judge shows that defendants were not present or represented at the time the case-made was signed and settled.

Under the statutes of Oklahoma and the order of the court in this case, the defendants in error should have been notified of the time and place of signing and settling the case-made, unless they waived it, and, in the absence of such notice or waiver or a stipulation by counsel that the case-made is true and correct, this court cannot review the record.   The law requiring this notice or a waiver of it is not a mere arbitrary rule or fiction, but is the outgrowth of experience and wise precaution, without which this court would never feel quite sure that it had the exact record made in the trial court.   For, by mere inadvertence or oversight, the party preparing the record might omit something of vital importance to a

correct determination of the cause. And it is certainly needed as a safeguard against any who might feel more interest in winning their case than in maintaining a high standard of professional ethics. This court would not be justified in nullifying this statute, and accepting anything less than the law requires.

We think the appeal should be dismissed.

By the Court: It is so ordered.